Van Hoesen, J.
(dissenting).—The evidence shows that on an evening in January, the plaintiff’s intestate, an old man of sixty-seven, started to cross Grand street, from the north side to the south side. Between the sidewalk on the southerly side of Grand street and the railway track next to it, there was a snow bank two feet or more in height. The whose name was saw the *559 defendant’s car when it was about fifteen or twenty feet from him, and he called to the driver “Stop ! stop !” Freidman at that time was in the middle of the track upon which the car was approaching. There was another car coming upon the other track in an opposite direction. The. car, to the driver of which Friedman called, did not stop, but Freidman got safely across the track, and probably would have escaped all injury had it not been for the snow bank which blocked his way. Between the snow bank and the car Freidman was caught, and he fell down, or was knocked down, so close to the rail, that as he lay on his side, one of the fore wheels of the car ran over his leg and produced a wound that resulted in his death. Upon this state of facts, the judge dismissed the complaint. In this I think he erred. Whilst it is not clear that the defendant’s driver was to blame, and whilst it is possible, that a jury would have found that he was not negligent, the judge could not, as matter of law, say that the driver did all that a prudent man should have done. Whether the driver should have driven on a smart trot when he saw the aged Freidmann attempting to scale the snow bank, or standing on the narrow strip between the snow bank and the track, is a question of fact that should have been submitted to the jury.
I can see no reason for holding, as matter of law, that Freidman was negligent. Perhaps, the jury might have found that he was, but if I had been sitting as a juror, perhaps I should have found that he was not. It would have been easy for a vigorous man to leap to the top of the snow bank and get away. If the bank had been only eighteen inches in height, it is possible that Freidmann could have reached its top. If the bank were of soft snow, Freidmann might have been saved, for he could easily have stepped in it and got away; and there is nothing in the evidence to show that Freidmann knew, or ought to have known, that the bank was of ice, or of snow, frozen so hard that he could not wade through it. It is plain that Freidmann had ample time to get across the track, but whether it was careless of him to venture across in front of the approaching car, in view of the fact that the snow bank obstructed the way to the sidewalk to which he was going, is a matter as to which different conclusions will be drawn by different men. The case ought, therefore, to have been submitted to the jury.